[Crim. No. 72.   First Appellate District.—November 23, 1906.]

# THE PEOPLE, Respondent, v. TERENCE FITTS, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT ROBBERY—INAPPLICABLE INSTRUCTION AS TO ASSAULT.—Under an indictment for an assault with intent to commit robbery, where the evidence was such as to justify only a verdict of guilty as charged, or a verdict of acquittal, the court properly refused to instruct the jury that they might find a verdict for a simple assault under the indictment, on the ground that there was no evidence before the jury to which it could refer.

ID.—INSTRUCTION TO DISTRUST WILLFULLY FALSE WITNESSES—MATTERS OF GENERAL KNOWLEDGE—UNCONSTITUTIONAL STATUTES—MATTERS OF FACT.—An instruction to the jury that "if any of the witnesses examined before you have willfully sworn falsely in a material matter, it is your duty to distrust their entire testimony," is not reversible error, since it relates to mere commonplace matters within their general knowledge, notwithstanding the statute *requiring* such an instruction (Code Civ. Proc., sec. 2061, subd. 3) is unconstitutional, as requiring an instruction as to matters of fact.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—ALLUSION TO DEFENDANT'S FAILURE TO TESTIFY—DISTINGUISHING TESTIMONY OF CODEFEND-

ANT—INSTRUCTION.—It was not misconduct requiring a new trial for the district attorney, in his argument, to allude to defendant as the one who did not take the stand, to distinguish him from a codefendant who took the stand, as a witness in his behalf, where it is manifest that he did not intend to use that fact against the defendant, and he expressly disavowed any right to comment thereupon, and the court properly instructed the jury as to the legal right of defendant to remain silent, and that no presumption can be indulged against him on that ground.

ID.—CONSTRUCTION OF PENAL CODE.—The language of section 323 of the Penal Code merely declares that the defendant's "neglect or refusal to be a witness cannot in any manner prejudice him, nor be used against him on the trial or proceeding," and cannot be construed to forbid any unprejudicial allusion to the fact that he did not testify, where it is not "used against" him.

ID.—ALLUSION OF DISTRICT ATTORNEY TO IMMATERIAL FACT NOT PROVED. Where the codefendant had testified that he and defendant met in Santa Rosa "a fellow named Gilluly," the statement of the district attorney that "the Gillulys are well known in Santa Rosa," though being of a fact not in evidence, yet being a fact immaterial to the offense tried, evidently could not have affected the verdict of the jury.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial. T. J. Lennon, Judge.

The facts are stated in the opinion of the court.

Ross Campbell, for Appellant.

The court improperly invaded the province of the jury on matters of fact by the instruction to discredit testimony of false witnesses. (*People* v. *Wardrip,* 141 Cal. 233, 74 Pac. 744; *Kauffman* v. *Maier,* 94 Cal. 282, 29 Pac. 481.) It was error to refuse defendant's instruction as to conviction for assault as embraced in the charge in the indictment. It was prejudicial misconduct for the district attorney to allude to the failure of the defendant to testify. (Pen. Code, sec. 1323; *People* v. *Morris* (District Court of Appeals, Third Dist.), 84 Pac. 463; *People* v. *Brown,* 53 Cal. 67; *People* v. *Tyler,* 36 Cal. 522; *People* v. *Ah Len,* 92 Cal. 282, 27 Am. St. Rep. 103, 28 Pac. 286; *People* v. *Wells,* 100 Cal. 459, 34 Pac. 1078; *People* v. *Valliera,* 127 Cal. 65, 59 Pac. 295;

4 Cal. App.—28

*People* v. *Sanders,* 114 Cal. 218, 46 Pac. 153; *People* v. *Smith,* 121 Cal. 360, 53 Pac. 802.)

U. S. Webb, Attorney General, C. N. Post, Assistant Attorney General, J. Charles Jones, and Thos. P. Boyd, District Attorney, for Respondent.

The instruction as to distrust of willfully false witnesses is not ground for reversal, being as to commonplace matters in knowledge of jury. (*People* v. *Fitzgerald,* 138 Cal. 45, 70 Pac. 1014; *People* v. *Stevens,* 141 Cal. 492, 75 Pac. 62; *People* v. *Arlington,* 131 Cal. 231, 63 Pac. 347; *People* v. *Pyler,* 121 Cal. 161, 53 Pac. 553; *People* v. *Dobbins,* 138 Cal. 698, 72 Pac. 339; *People* v. *Wing Bin,* 139 Cal. 65, 72 Pac. 505; *People* v. *Farrington,* 140 Cal. 656, 74 Pac. 288; *People* v. *Tibbs,* 143 Cal. 103, 76 Pac. 904; *People* v. *Moran,* 144 Cal. 50, 64, 77 Pac. 777.) The court properly refused the instruction as to simple ''assault,'' as being inapplicable to the evidence. (*People* v. *McNutt,* 93 Cal. 659, 29 Pac. 243; *People* v. *O'Brien,* 88 Cal. 490, 26 Pac. 362; *People* v. *Madden,* 76 Cal. 523, 18 Pac. 402; *People* v. *Barry,* 90 Cal. 62, 27 Pac. 62.) There was no prejudicial misconduct of the district attorney in the allusion to defendant's failure to testify, under the circumstances, considering the instruction of the court in that regard. (*People* v. *Hoch,* 150 N. Y. 293, 44 N. E. 976; *Ruloff* v. *People,* 45 N. Y. 213; *People* v. *Rose,* 52 Hun- 39, 4 N. Y. Supp. 787; *State* v. *Chisnell,* 36 W. Va. 667, 15 S. E. 412; *People* v. *Priori,* 164 N. Y. 459, 58 N. E. 668; *People* v. *Ward,* 134 Cal. 312, 66 Pac. 372.) It is not for an innocent mistake of the district attorney, but only for willful misconduct, clearly prejudicial to the defendant, that the judgment of conviction will be reversed. (*People* v. *Ward,* 105 Cal. 341, 38 Pac. 945; *People* v. *Mayes,* 113 Cal. 620, 45 Pac. 860; *People* v. *Amaya,* 134 Cal. 539, 66 Pac. 794; *People* v. *Smith,* 134 Cal. 457, 66 Pac. 669; *People* v. *Barthelman,* 120 Cal. 15, 52 Pac. 112; *People* v. *McMahon,* 124 Cal. 436, 57 Pac. 224; *People* v. *Moline,* 126 Cal. 507, 59 Pac. 34; *People* v. *Owen,* 132 Cal. 471, 64 Pac. 770.)

HARRISON, P. J.—The defendant was indicted for an assault with intent to commit robbery, and upon the trial thereof was convicted and sentenced to a term in the state

prison. From this judgment and an order denying his motion for a new trial he has appealed.

It was shown by the testimony of the prosecuting witness that between the hours of 2 and 3 o'clock in the morning of December 6, 1905, he was addressed from the outside of his cabin on the Greenbrae drawbridge, and on opening the door a little way he was seized by the throat and dragged outside by a man named Woods, and that the defendant thereupon went through his pockets; that they went inside the cabin, and the defendant, after throwing its contents into confusion, came outside, and while holding the witness tight in his grasp demanded with a threatening gesture that he give up his sack of gold; that thereupon he was pulled around by Woods and struck upon the temples, by which he was rendered unconscious for about two hours. Woods, who was a witness for the defendant, testified that he and the defendant were together during the whole of the night of December 5th in a boxcar behind the freight-house in San Rafael, and that neither of them was at any time that night at Greenbrae, or on the Greenbrae drawbridge.

1. One of the grounds urged in support of the appeal is the refusal by the court to instruct the jury, as requested by the defendant, that the charge in the indictment embraces two offenses, that is, an assault with intent to commit robbery, and an assault which is commonly termed a simple assault. The only evidence before the jury of the assault by the defendant was that of the prosecuting witness, and if the jury believed his testimony the defendant made no assault upon him except in connection with his attempt to commit robbery. The testimony of the witness Cleary, upon which the appellant claims the right to this instruction, did not purport to describe the occurrence, but was merely a statement of what the prosecuting witness had told him. If the testimony of Woods should be believed by the jury, there was no evidence of even a simple assault on the part of the defendant. Under the evidence before them the only verdict which the jury could render was either one of guilty as charged in the indictment, or of acquittal. The court was therefore justified in refusing the instruction, upon the ground that there was no evidence before the jury to which it could refer. (*People* v. *Chavez*, 103 Cal. 407, [37 Pac. 389]; *People* v. *Lopez*, 135

Cal. 23, [66 Pac. 965] ; *People* v. *Swist,* 136 Cal. 520, [69 Pac. 223].)

2. The court instructed the jury: "If any of the witnesses examined before you have willfully sworn falsely as to any material matter it is your duty to distrust their entire testimony." It is contended by appellant that by this instruction the court violated the constitutional inhibition against charging the jury with respect to matters of fact. While it is held that in so far as the statute "requires" such an instruction to be given it is unconstitutional, it is at the same time said that the giving of such instruction will not be held to be reversible error, since by it the jury are instructed as to mere commonplace matters within their general knowledge. (*People* v. *Wardrip,* 141 Cal. 229, [74 Pac. 744].)

3. The witness Woods was indicted jointly with the defendant, but the defendant was separately tried, and Woods was a witness in his behalf. In his closing argument to the jury the district attorney, while commenting upon the testimony, said to them: "You are trying the defendant Fitts and not Woods, and we have shown that he—Fitts—is the one that ran his hand in Feliz Sands' pocket, and I don't want you gentlemen of the jury to become confused as to which is the person on trial in this action and whose case you can alone consider. The codefendant Woods, the one who took the stand, is not the defendant on trial. The person on trial is the defendant Fitts—the one who did not take the stand. I am not permitted to comment on his failure to take the stand, nor shall I say anything about that." The attorney for the defendant objected to his reference to the fact that the defendant did not take the stand, and the court thereupon instructed the jury that it was the legal right of the defendant to remain silent, and that they were to indulge in no presumption against him because of his failure to take the stand in his own behalf.

It is contended by the defendant that the above remarks of the district attorney are in violation of section 1323 of the Penal Code, and constituted misconduct on his part for which the verdict should be set aside. Section 1323 declares that the neglect or refusal of a defendant to be a witness "cannot in any manner prejudice him or be used against him on the trial or proceeding." We are of the opinion that the

above reference of the district attorney to the defendant was for the purpose of directing the attention of the jury to testimony which particularly affected him rather than Woods, and cannot properly be considered as indicating a purpose on his part to "use" *against the defendant* the fact of his not being a witness. The section does not declare that no reference to such fact shall be made, or that any reference, however innocent or inadvertent, shall be a ground for setting aside the verdict. It is only when the fact is "used against" the defendant that such result should follow. There is an expression in an opinion given by the court for the third appellate district in *People* v. *Morris*, 3 Cal. App. 1, [84 Pac. 463], to the effect that "it is error to *allude* in any way to the fact that the defendant had refrained from testifying," which may have been proper if limited in its application to the language of the counsel which was used in that case, wherein the fact was directly "used against" the defendant; but if intended as the declaration of a rule or a construction of the provision in the section, it is an enlargement of the language of the statute which in our opinion is unauthorized.

Misconduct on the part of the district attorney is also assigned for another remark in his argument to the jury. Woods in his testimony stated that after they had reached Santa Rosa, on the 6th of December, they "met a fellow named Gilluly"; and in addressing the jury in reference thereto, the district attorney said: "The defendant, on reaching Santa Rosa the evening after the assault, met the Gilluly gang—the Gillulys are well known in Santa Rosa." The proposition of the appellant that these remarks were prejudicial to him is submitted without any argument. No reference is made therein to the charge upon which the defendant was tried; and while there was no evidence before the jury that the Gillulys are well known in Santa Rosa, it is evident that their verdict could not have been affected by this statement.

The judgment is affirmed.

Hall, J., and Cooper, J., concurred.