[Crim. No. 1134. First Appellate District, Division Two.—October 1, 1923.]

## THE PEOPLE, Respondent, v. DILLARD PORTER et al., Appellants.

[1] CRIMINAL LAW — BURGLARY — CORPUS DELICTI—CONFESSION—EVIDENCE.—In this prosecution against two defendants for burglary, the *corpus delicti* was proved before the confession of one of the defendants was received, and furthermore, there was at the same time some evidence connecting the confessor therewith.

[2] ID.—CONFESSION—CHARACTER OF.—In such prosecution, it cannot be said as a matter of law that the trial court erred in holding that the confession of one of the defendants was made voluntarily.

[3] ID. — POSSESSION OF STOLEN PROPERTY — INSTRUCTION. — In such action, an instruction to the effect that mere possession of stolen

---

2. Possession of stolen property as evidence of burglary, note, 19 Ann. Cas. 1281.

property, while not presumptive evidence of guilt, is a circumstance tending to prove guilt, and that if the defendants or either of them were found to have possession of the stolen property shortly after the commission of the offense, in determining the weight to be attached to such circumstance, as tending to prove guilt, the jury should consider all the circumstances attending such possession, the proximity of the place where found to the place of the burglary, the lapse of time since the property was taken, whether the property was concealed, whether the party having possession had admitted or denied its possession, and the demeanor and character of the accused, was proper and the objection that the trial court should have inserted after the word "circumstance," "to be considered with the other testimony introduced in the case as," is without merit.

[4] Id.—Return or Recovery of Stolen Property — Defense — Instruction.—In such prosecution, the trial court did not err in giving an instruction that "The court further instructs you that, if any property was taken and the property recovered or returned, such is not to be considered by you as a defense in this proceeding."

[5] Id.—Possession of Property by Codefendant — Evidence. — In such prosecution, the appellate court will not interfere with the conclusion of the jury that certain of the burglarized property was in the possession of a defendant where there was evidence before the jury upon which that conclusion could be based.

[6] Id.—Written Statements—Reading of—Conduct of Codefendant—Procedure.—In such prosecution, where the written statements of two individuals to whom the stolen property had been offered and the written statement of one of the defendants were read by a police officer to the codefendant after the latter's arrest and the author of each statement was produced before said codefendant, on the trial it was proper and in compliance with the provisions of subdivision 3 of section 1870 of the Code of Civil Procedure to permit the police officer to testify to the foregoing facts and in that connection read the statements before the jury which had been so read in the presence of said codefendant, and in addition thereto, to give testimony of and concerning said codefendant's "conduct in relation thereto."

[7] Id.—Irrelevant Matter in Statements—Waiver of Objection —Appeal.—In such prosecution, such codefendant is in no position to complain on appeal that some of the documents in question contained damaging statements of and concerning other offenses for which he was not on trial, where the appellant, when the officer was about to read the particular paper, did not ask to see it and mark the irrelevant passages and ask the court to

confine the reading to those matters only that came within the issue on trial.

[8] ID.—VERDICT—EVIDENCE.—In such prosecution, the evidence was sufficient to convict said codefendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Appellant Porter.

Edward D. Mabson for Appellant Young.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The appellants were informed against by the district attorney in a joint information. They appeared and moved for separate trials, their motions were denied, a trial was had, and, from judgments of imprisonment the defendants have appealed, each filing a separate notice of appeal and each filing a brief, but both standing on one and the same transcript.

Before proceeding further it is advisable to state by way of preface that the case made by the prosecution consisted of circumstantial evidence obtained by working backward. After the offense alleged in the information was committed, the defendants, Dillard Porter and Albert Young, produced and offered to one Robert Pilotek and William Siegman a grip containing silverware, etc., claimed by the prosecution to have been taken from the residence of the complaining witness, Mrs. Charlotte S. Mack, 1824 Jackson Street, San Francisco, on the occasion when her residence was burglarized as alleged in the information. When the possession of the silverware was traced to Pilotek and Siegman they were arrested. When they were arrested they made statements to clear themselves. Separately Pilotek made a statement to the police, which was taken down in writing; so did Siegman, and likewise Porter. Some of those statements covered many other crimes, and referred to matters other than were

necessarily involved in the information before the court in the case charged by the information.

Proceeding now with the case presented by the appellants, and the points made by the appellants, it may be stated that the information charged that the appellants jointly burlarized the apartment of Charlotte S. Mack, at 1824 Jackson Street, San Francisco, on the twenty-third day of November, 1922; that both defendants were arraigned and pleaded not guilty; that the defendant Young moved for a severance of the trials, that his motion was denied; that the cause was then set for a joint trial before a jury; that a trial was had; that thereafter the jury returned a verdict, "We, the jury in the above-entitled cause find the defendants Dillard Porter and Albert Young, guilty of the crime of felony, to wit: Burglary, as charged in the information. We determine the same to be second degree"; that thereafter the defendants were arraigned for judgment; that they each moved for a new trial; that their motions were denied; that thereafter the defendants suggested the granting of probation; that the suggestions were denied; that thereafter judgment was pronounced, and, as stated above, thereafter each defendant appealed from the judgment of conviction and from the order denying him a new trial.

*Porter's appeal:* After his arrest the defendant Porter made a purported confession. On the trial of the case that confession was offered in evidence. Over the objection of defendant the confession was admitted. The order overruling the defendant's objection is by him assigned as error. As we understand the appellant his objection is twofold. [1] One objection is that the confession should not have been admitted until the *corpus delicti* had first been proved. Taking up that contention first, it may be stated that aside from the confession there was before the jury a story that runs as follows: The two defendants did, prior to the burglary, appear before Theas Young, the consort of the defendant Young and presenting to her what purported to be a package of groceries, asked and obtained her writing on the package of the address, "Mrs. Charlotte Mack, 1824 Jackson Street." Thereupon the defendants disappeared. On the twenty-first day of November, 1922, Mrs. Mack had left her residence to go to Menlo Park. She did not return until the 24th. While she was absent her apartment was entered

and there were stolen therefrom dresses and silverware of the value of three thousand two hundred dollars, but there was left in the residence the package wrapped in the piece of manila paper on which Theas Young had written the address hereinabove mentioned. After the burglary had been committed, and when the officers arrested the defendant Albert Young, they found in his apartment some of the dresses that had been taken from the apartment of Mrs. Mack, and when the arresting officers went to the apartment of the defendant Porter they found a leather case containing tools and appliances which had been taken from the same apartment. Shortly before their arrest the defendants Young and Porter produced in the building occupied by Robert Pilotek a suitcase containing practically all of the silverware which had been taken from the Mack residence, each piece of silver having engraved thereon the letter ''M'' as the monogram of the Mack family. Moreover, the fact that the Mack residence was burglarized by someone was completely and fully testified to by Mrs. Mack, and, so far as we can notice, her testimony was not challenged by either defendant. It is quite clear, therefore, that the *corpus delicti* was proved before the confession of Porter was received, and, furthermore, that there was at the same time some evidence connecting the defendant therewith.

[2] In the second place, it is contended by the defendant Porter that his confession was not voluntary. It may be conceded, for the purpose of this opinion, that the evidence on that subject is conflicting. However, as we understand the record, Porter's wife, then living as the consort of another man, aided the police in making the arrest. That man, whose name is not given, on one occasion said to the detective sergeant, Richmond Tatham, ''There he goes,'' pointing to the defendant Porter. The officers gave chase. Irving R. Findlay made the arrest, and after having done so turned the defendant over to Sergeant Tatham, who accompanied the defendant to the Hall of Justice. After arriving at that place the officer said to him, '' 'Porter, we have got it on you, you have got the stuff in your room, and we have found a lot of property in your room; now, Porter, we have got it on you. Are you going to talk? Siegman and Pilotek have talked'; and he thought it over a little while and said, 'Yes, I will talk.' Q. You didn't

coerce him or promise him? A. I did not. Q. Any immunity or award? A. I did not. Q. Any statement he made to you was made freely and voluntarily? A. Absolutely. Q. Did you reduce his statement to writing? A. I reduced the major part of it. . . . Q. You stated, Detective Sergeant, that before Porter made this statement that he had better make the statement, that Pilotek and Young had already done so, is that true? A. Why, words to that effect; I cannot remember the exact words; I said, 'You may as well talk'; I said, 'Now, I am going to have this,—we will sit down,—wait until we get in the Hall of Justice and we will sit down and you put it all in writing and start in the very commencement and you will go right through it,' and he said, 'I will,' using some epithets against the other defendants. Q. How long after his arrest was it? A. Immediately.'' Considering all of the foregoing *voir dire* examination, it is patent that the trial court could have gathered from the statements of the officer that the confession was obtained voluntarily and without inducement or otherwise. We cannot say as a matter of law that the trial court erred in holding that the statement was made voluntarily.

[3] Among other instructions the trial court instructed the jury as follows: ''You will understand, ladies and gentlemen, that the mere possession of stolen property, if there was possession of it in this case, the fruits of a burglary, recently after the theft, by the person or persons charged, is not presumptive evidence of guilt, but is a circumstance tending to prove guilt. If the jury believes, from the evidence, that the defendant or defendants were found with the stolen property in their possession, or that they had it in their possession shortly after the alleged commission of this offense, or that either one of them had possession of it shortly after the alleged commission of this offense, then in determining the weight to be attached to that circumstance, as tending to prove guilt, the jury should consider all the circumstances attending such possession, the proximity of the place where found to the place of the burglary, the lapse of time since the property was taken, whether the property was concealed, whether the party having possession had admitted or denied its possession, and the demeanor and character of the accused. All these circumstances, so far as they have been proved, are proper to be taken into account by

you in determining how far the possession of the property by the accused, if it has been proved, tends to show guilt.'' The appellant complains because the trial court did not insert after the word ''circumstance,'' ''to be considered with the other testimony introduced in the case as.'' The objection is without merit. It is patent that the trial court, by the instruction quoted, did not advise the jury that the jury was to consider solely and alone the possession of stolen property. Neither did the instruction conflict with the rule announced in *People* v. *Ah Ki,* 20 Cal. 178; *People* v. *Nichols,* 39 Cal. App. 33 [177 Pac. 861], or *People* v. *Horton,* 7 Cal. App. 35 [93 Pac. 382].

[4] The appellant makes a third point to the effect that the court erred by instructing the jury as follows: ''The court further instructs you that, if any property was taken and the property recovered or returned, such is not to be considered by you as a defense in this proceeding.'' In this behalf the appellant proceeds to state hypothetical situations that might have been. It is sufficient to say that there was no evidence in the record of and concerning those hypothetical contingencies. The court did not err in giving the instruction.

*Young's appeal:* The appellant Young sets forth the evidence and contends that the record shows that the dresses which we have stated were found in his possession were in fact found in the possession of the consort of Young, who was commonly known as Theas Young. We have read all of the record. True it is that there was some evidence in the record to the effect that the dresses, in a certain sense, could be said to be in the possession of Theas Young. [5] But it is also true that there was evidence in the record from which the jury could conclude that the possession of Theas Young was the possession of the appellant Young. The conflict in the testimony, the weight of it, and the credibility of the witnesses were all matters which the jury were entitled to determine, and the record does not present any showing of abuse of discretion. We may not interfere.

This appellant complains because the confession of Porter was admitted. The confession was clearly admissible against Porter. The trial court made no ruling or rulings, against the appellant Young wherein or whereby that evidence was

not correctly limited to the purpose for which it was legally admissible.

[6] As we have stated above, the confession of Porter was taken down in writing; the statement of Pilotek was taken down in writing, and the statement of Siegman was taken down in writing. Thereafter the appellant Young was called before a police officer and the author of each of said writings was also produced; thereupon the officer read to the appellant Young each of the above-mentioned documents. On the trial that police officer was called to the stand and testified to the foregoing facts and in that connection read the statement before the jury which had been so read in the presence of the appellant Young, and in addition thereto gave testimony of and concerning Young's "conduct in relation thereto." This procedure was in compliance with the provisions of subdivision 3 of section 1870 of the Code of Civil Procedure. [7] But the appellant complains that some of those documents contained damaging statements of and concerning other offenses for which the defendant was not on trial. That is true, but when the officer was about to read the particular paper the appellant did not ask to see it and mark the irrelevant passages and ask the trial court to confine the reading to those matters only that came within the issue on trial. Numerous objections were made by counsel, but we have failed to find a single instance in which the trial court made any error in ruling thereon. The appellant specially calls attention to the fact that Siegman was not called as a witness. If Siegman's statement had not been read in the presence of Young that objection might have merit, but as we have pointed out above, the value of the incident arises by reason of the statement having been read to Young in the presence of Siegman and the officer's testimony as to what Young said or did in relation thereto. We think it is clear, therefore, that the evidence contained in those documents was properly received by the trial court.

[8] This appellant also complains that the evidence was insufficient to convict him. It is unnecessary for us to repeat the evidence recited above, which, exclusive of the confession of Porter, proved or tended to prove not only that Mrs. Mack's apartment was burglarized, but also that the two appellants committed the act. In addition to that evidence, when the case went to the jury, there was the addi-

tional showing contained in the written confession of Porter, and thereafter read to the appellant Young, in which Porter stated that he and Young did the job. Furthermore, there was before the jury the statement of Pilotek and Siegman that at the time Porter and Young produced the grip containing the stolen silverware that they then stated that they had taken the same from an apartment on Jackson Street. There was therefore plenty of evidence if the jury believed it which warranted the jury in bringing in the verdict.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 26, 1923.