[Crim. No. 1156.   First Appellate District, Division One.—February 8, 1924.]

## THE PEOPLE, Respondent, v. JOSEPH McNAMARA, Appellant.

[1] CRIMINAL LAW—BURGLARY—POSSESSION OF STOLEN GOODS—EVIDENCE.—In a prosecution for burglary, where the evidence shows that a garment belonging to the complaining witness was stolen from her flat and afterward was found in the possession of a certain woman, and the uncontradicted testimony of the latter at the trial is to the effect that, following the time of the burglary, the garment was brought by defendant to a room where she and defendant were living and was given to her and that, notwithstanding they occupied the room together, defendant exercised a proprietary control of the stolen garment, the jury is entitled to conclude that whatever possession said woman may have had of the garment was the possession of defendant.

[2] ID.—IMPLIED ADMISSION OF GUILT.—The silence of an accused as regards statements in his hearing which implicates him directly or indirectly may be proved with the statements, and from his acquiescence the jury may infer that the statements are true and that they tend to prove his guilt.

[3] ID.—ACCUSATORY STATEMENTS—INCULPATORY REMARKS—EVIDENCE.—Where the defendant not only remains silent when the accusatory statement of his consort is read to him, but later and in the presence of his accuser and certain police officers he makes inculpatory statements, the jury has the right to consider these circumstances in determining the question of guilt or innocence of the defendant.

[4] ID.—READING OF ACCUSATORY STATEMENT—ABSENCE OF PREJUDICE.—Conceding the trial court committed error in permitting the prosecution to read to the jury a written statement signed by a

---

2.   Silence of accused on statement in his presence as a confession, notes, Ann. Cas. 1913C, 240; 25 L. R. A. (N. S.) 543.

woman companion of defendant and which implicated defendant, the defendant was not thereby prejudiced, where said woman was a witness at the trial and she testified to practically the same matters contained in her statement, and she was cross-examined at length by defendant's counsel.

[5] ID.—ABSENCE OF DEFENSE—REMARKS OF DISTRICT ATTORNEY.— In a prosecution for burglary, a remark by the district attorney that "not a single piece of testimony has been brought forward here against the testimony produced on behalf of the people" does not infringe upon the rights of the defendant or constitute a violation of the rule which forbids adverse comment upon or reference to the failure of the defendant to testify; and it is proper for the district attorney to refer to the failure of the defendant to explain his possession of the stolen goods.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

William F. Herron for Appellant.

U. S. Webb, Attorney-General, and Wm. T. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant was charged by information with the crime of burglary. Upon arraignment he pleaded not guilty. He was tried and convicted of the offense in the second degree. Thereafter he presented motions for a new trial and in arrest of judgment. These motions were denied, and he was sentenced to imprisonment for the term prescribed by law. This is an appeal from the judgment and from the order denying the motion for a new trial.

The main point relied upon for a reversal is that the evidence is insufficient to justify the verdict. It appears therefrom that Mrs. Agnes Murray, the complaining witness, on the evening of March 3, 1923, at about 7 o'clock P. M., left the flat where she was living at 892 Eddy Street, in the city of San Francisco, and returned shortly after midnight. She then discovered that a ladder had been placed against the house, and upon investigation ascertained that her personal effects had been disturbed and some of her clothing was missing, among which was a certain black dress. It was

found in the possession of and being worn by one Grace Ford, who was living with the defendant in a room on Ellis Street. Upon being questioned concerning her possession of the stolen garment the Ford woman made a written statement which she signed. The material portions thereof are as follows:

"Statement of Grace Ford, April 2, 1923.

"My true name is Grace Ford, 23 years of age; live in Coronado Hotel, 373 Ellis Street, room 411. Have lived there three or four months with Joseph H. McNamara, now charged with burglary in the city prison. I have lived off and on with McNamara for about a year and a half.

"About March 3d, 1923, McNamara brought a dress to our room; it was a little after 9 o'clock in the evening. This dress was the one which Mrs. Murray identified in the Coronado Hotel lobby as hers, the one I was wearing. When McNamara brought the dress to the room he said, 'What do you think of the dress?' I said, 'Swell. Give it to me.' He said, 'Give you hell.' He hung it up in the clothes closet. One morning some time later he said, 'Try it on.' I did. He said, 'It looks swell on you.' He said, 'Take it off.' I did. He told me if anyone ever asked me when I was wearing it on the street or if it was in the room to tell them that I had bought it.

"About March 24, 1923, I visited him in the city prison. He said to me, 'I see you have the dress on.' I told him I had been downstairs with the detectives and was going to make a statement. He shrugged his shoulders and said nothing."

Subsequently this statement was read to the defendant in the presence of the Ford woman and certain police officers, at which time he refused to state whether it was true or not. Later, however, in conversing with Grace Ford in the hearing of the officers defendant made certain statements with reference thereto the substance of which was related by one of the officers at the trial as follows:

"McNamara said, 'Did you write them statements, Grace?' Grace said, 'No, but I had a talk with my dad, and he told me to tell the truth, which I did, and the officers wrote them down and read them and I signed them, and you know they are true.' McNamara said, 'I just beat two raps worse than this one. So can you. Stand pat; they have nothing on us,

and we will get out of this one.' Grace said, 'I will not lie. I told the truth to them. It was you who got me into this jam by bringing those things to the room and giving them to me. Now you tell the truth and get me out. You know you told me to tell anybody that I bought them.' "

The Ford woman was a witness at the trial, and she testified that she had made the statement and that it was true. On cross-examination she admitted that she had declared to defendant's counsel that the statement was false and that she had bought the dress from another woman, but on her redirect examination she again reasserted that her admission to defendant's counsel was false and that her signed statement was true.

The evidence as above narrated is all that was had at the trial, and appellant contends that it is insufficient to convict. Our attention is drawn to the fact that there is no direct evidence tending to show that defendant committed the crime charged, or that he ever had possession of the stolen article. Upon the question of possession it is argued that the authorities are uniform to the effect that the possession of recently stolen property, in order to be evidence against the accused, must be a personal and exclusive one, for the reason that such character of possession alone indicates that the goods have come to the possessor by his own act or with his consent. Accordingly it is claimed that as the evidence does not show exclusive possession in the defendant it is insufficient to convict.

We do not so view the evidence. [1] The statement of the Ford woman shows that defendant brought the garment in question to the apartment where she and the defendant were living. It further shows that notwithstanding the fact that they occupied the apartment together the defendant exercised a proprietary control of the stolen garment. Moreover, under these circumstances the jury was entitled to conclude that whatever possession the Ford woman may have had of the garment was the possession of defendant. (*People v. Porter and Young,* 64 Cal. App. 4 [220 Pac. 20].)

In this connection it is further contended that even assuming the possession to have been in defendant the mere possession of recently stolen articles is insufficient to justify a conviction.

Assuming this to be true the testimony of the Ford woman supplies additional evidence tending to establish defendant's guilt. She was told by him to say that if anyone asked her where she obtained the dress to tell him that she had bought it. In addition thereto the defendant's silence when his consort's statement was read to him is a circumstance that the jury had a right to consider in determining guilt or innocence. [2] The silence of an accused as regards statements in his hearing which implicate him directly or indirectly may be proved with the statements, and from his acquiescence the jury may infer that the statements are true and that they tend to prove his guilt. Silence is assent as well as consent, and may, where a direct and specific accusation of crime is made, be regarded as a *quasi* confession (Underhill on Evidence, sec. 122). An innocent person will ordinarily emphatically repel or deny an accusation of crime, and his silence under such circumstances will justify an inference that he is not innocent (*People* v. *Ayhens*, 16 Cal. App. 618 [117 Pac. 789]; *People* v. *Lang*, 142 Cal. 482 [76 Pac. 232].)

[3] Not only did the defendant remain silent when the statement was read to him, but later and in the presence of his accuser and the officers he made the inculpatory statements above referred to. These were circumstances which the jury had a right to consider.

[4] We are cited to the recent case of *People* v. *Patterson*, 64 Cal. App. 223 [221 Pac. 394], in support of the contention that the trial judge committed prejudicial error in allowing the statement of the Ford woman to be read to the jury. We do not deem a discussion of that case necessary. There the defendant was not confronted with the party making the accusatory statement; but even if we assume that the admission in evidence of the statement in the instant case was error, the defendant was in no manner prejudiced thereby. The Ford woman was a witness at the trial, and she testified to practically the same matters contained in her statement, and, as heretofore shown, she was cross-examined at length, and it is not contended that her evidence was not competent or material.

[5] And, finally, it is claimed that the district attorney violated a right of defendant when he gave utterance to the remark that "not a single piece of testimony has been

brought forward here against the testimony produced on behalf of the people.'' While a violation of the statute forbidding adverse comment upon or reference to the failure of a defendant in a criminal case to testify is inexcusable, we do not think the remark in question infringed upon the rights of the defendant or violated the rule. As no explanation was offered on behalf of defendant as to the possession of the stolen goods it was competent for the district attorney to refer to such want of explanation, since such possession unexplained was a circumstance affecting his guilt. (*People* v. *Waugh*, 30 Cal. App. 402 [158 Pac. 336]; *People* v. *Miller*, 45 Cal. App. 494 [188 Pac. 52].)

No other questions are presented.

From what we have said it follows that the judgment and order should be and they are hereby affirmed.

St. Sure, J., and Short, J., *pro tem.*, concurred.