THE STATE v. STEVENS.

1. **Criminal Evidence:** ACTS AND ADMISSIONS OF CONFEDERATES. Where defendant was indicted with others for the commission of a crime, but he was tried separately, and the crime was clearly established, evidence which tended to show that defendant and those connected with him were familiar associates and confederates for the commission of crime, and which tended to connect defendant with the crime, was admissible.

2. ———: ATTEMPT TO ESCAPE. An attempt to escape from custody, as well as an actual escape, may be shown as tending to establish guilt.

3. **Criminal Law:** FAILURE OF DEFENDANT TO TESTIFY: DUTY TO INSTRUCT AS TO EFFECT OF. In the absence of a request from the defendant, it was not reversible error for the court to neglect to instruct the jury that the fact that defendant did not testify in his own behalf was not to be considered to his prejudice.

4. ———: PROLONGATION OF TRIAL: ADJOURNMENT OF COURT IN OTHER COUNTY. The statute does not fix a day for the ending of a term of court, but it does authorize the judge, for a sufficient cause, to adjourn a term before it is begun. (Code, § 169.) So, where the approaching term in another county was adjourned, and the trial of this cause was prolonged into the time when court would otherwise have been in

session in the other county, *held* no error. (See *State v. Peterson, post,* p. 564.)

## *Appeal from Hardin District Court.*

### SATURDAY, DECEMBER 12.

DEFENDANT was convicted of burglary, and now appeals to this court.

*Tom H. Milner*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, CH. J.—I. The defendant was indicted, with two others, for burglary committed by breaking into a jewelry store and taking goods and money of the aggregate value of $678. Upon his request he was tried separate from his co-defendants.

II. Various objections were made to testimony on the trial, showing acts and conversation of the other persons indicted with defendant, which tended to establish familiar relations and association of all the parties; that they were in company about the time of the commission of the crime, and other matters tending to connect defendant therewith. Evidence as to certain bonds found in the possession of the defendants was also made the subject of objection. All of these objections may be disposed of upon the consideration that the evidence tends to connect defendant with the crime, the commission of which was clearly established. It tends to show that defendant, and those connected with him, were familiar associates and confederates for the commission of crime.

1. CRIMINAL evidence: acts and admissions of confederates.

III. Evidence was admitted, against defendant's objection, tending to show an attempt or effort on the part of defendant to escape from custody. It is admitted by counsel for defendant that an escape and flight may be shown as a fact tending to establish guilt; but

2. ——: attempt to escape.

it is insisted that an attempt to escape cannot be proved. We discover no distinction between an actual escape and an attempt to escape. Each equally tends to show a consciousness of guilt, and is therefore alike admissible against the accused.

IV. Certain instructions as to the effect of evidence of possession of property recently stolen are made the subject of criticism. They present the familiar rules upon this subject in language sufficiently clear and certain. The same remark may be made applicable to instructions applying the doctrine of reasonable doubt to different branches of the case. Counsel, in their objections to these instructions, fail to recognize the obvious meaning of their language. The instructions present rules as they are laid down and recognized in decisions of the courts.

V. The defendant did not testify in his own behalf. His counsel now urge that the court erred in not instructing the jury that this fact was not to be considered to his prejudice. Had such instruction been requested it doubtless would have been given. In the absence of this request, we do not think it was the duty of the court to allude to the matter. It cannot be presumed that defendant's case was prejudiced by his silence, in the absence of any allusion thereto by the state, the court, or any person connected with the case.

3. CRIMINAL law: failure of defendant to testify: duty to instruct as to effect of.

VI. Pending the trial in the district court, the judge made an order adjourning the term to be next held in another county, for one week; this was done in order to give sufficient time to complete the trial of this cause, which proceeded after the day fixed for the commencement of the next term, had it not been adjourned. It is now insisted that the trial was had and completed during a time fixed for the court to be held in another county. But section 169 authorizes the judge, for sufficient cause, to adjourn a term before it is begun. The term following the one at which defendant's trial was

4. ——: prolongation of trial: adjournment of court in other county.

commenced was lawfully adjourned, and nothing prevented the continuance of the trial during the time at which the next term would have been held had it not been adjourned. The statute does not fix a day for the ending of a term. It may continue until the next term in another county should be commenced.

We think defendant had a lawful and fair trial, and the evidence well supports the verdict. We discover no errors in the proceedings. The judgment of the district court is

AFFIRMED.