[No. 1094.　Decided January 31, 1894.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES
E. MYERS, *Appellant*.

CRIMINAL LAW — INFORMATION — CHARGING DIFFERENT CRIME
THAN COMMITMENT — FAILURE OF ACCUSED TO TESTIFY — IN-
STRUCTIONS.

The fact that an information does not charge the same crime as
that upon which the accused was committed upon the hearing be-
fore a justice of the peace is no ground for setting aside the infor-
mation.

Where the accused in a criminal prosecution fails to testify in
his own behalf, it is the duty of the court, under § 1307, without an
affirmative request therefor, to charge that no inference of guilt
should arise against the defendant on account thereof. (SCOTT and
HOYT, JJ., dissent.)

*Appeal from Superior Court, Asotin County.*

*M. M. Godman, S. G. Cosgrove,* and *George W. Bailey,*
for appellant.

*M. F. Gose,* Prosecuting Attorney, and *James A. Haight,* for The State:

The omission of the court to instruct the jury upon any particular point when the same is not definitely requested is not the subject of an exception, and no error can result therefrom. *People v. Gray,* 5 Pac. 240; *Minich v. People,* 8 Col. 440; *People v. Hann,* 44 Cal. 96; *People v. Collins,* 48 Cal. 277; *People v. Ah Wee,* 48 Cal. 237; *People v. Biles,* 6 Pac. 120; *State v. Hing,* 16 Nev. 307; *State v. McLane,* 15 Nev. 345; *State v. Carnahan,* 17 Iowa, 256; *State v. Grady,* 83 N. C. 643; *Frye v. State,* 7 Tex. App. 94; *People v. Sheldon,* 68 Cal. 434; *State v. Viers,* 48 N. W. 732; *Holt v. State,* 47 Ark. 196; *Sullivan v. State,* 44 N. W. 647; *State v. Kirkpatrick,* 63 Iowa, 554; *State v. Stevens,* 67 Iowa, 557; *Grubb v. State,* 117 Ind. 277; *People v. Flynn,* 15 Pac. 102.

The opinion of the court was delivered by

Dunbar, C. J.— The information upon which the appellant was tried, convicted and sentenced to hang was as follows:

"Charles Myers is accused by the prosecuting attorney of Asotin county, State of Washington, by this information, of the crime of murder in the first degree, in causing the death of a person by feloniously, willfully and maliciously setting fire to a certain structure used and occupied as a place of abode and known to be occupied at the time of setting such fire, committed as follows, to wit:

"That the said Charles Myers, in the county of Asotin, in the State of Washington, did, on the 15th day of March, A. D. 1893, then and there unlawfully, feloniously, willfully and maliciously set fire to and burn a certain wooden structure of one Annie Myers, and of the value of five hundred dollars, then and there situate, and which structure was then and there used and occupied as a place of abode by said Annie Myers and one Frank Sherry, and by divers other persons to the informant and attorney unknown; by

reason and by means of which said unlawful, felonious, willful and malicious setting fire to and burning of the said structure by him, the said Charles Myers, in the manner and at the time aforesaid, the said Frank Sherry, who was at the time aforesaid present in and occupying said structure and premises as aforesaid at the time the said Charles Myers so unlawfully, feloniously, willfully and maliciously set fire to and burned said structure, as he, the said Charles Myers, then and there well knew, was so mortally injured and burned by the said fire, and the flames thereof, so, as aforesaid unlawfully, feloniously, willfully and maliciously set to the said structure by the said Charles Myers, that the death of him, the said Frank Sherry, resulted and ensued therefrom, to wit: From said fire and burning in said county of Asotin, in said State of Washington, on the 15th day of March, 1893. And the said Charles Myers, in the manner and form aforesaid, him, the said Frank Sherry, did then and there kill, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the laws of the State of Washington.''

The appellant moved the court to set aside the information on the ground that the same charged the appellant with a different crime than that for which he was held to answer. After trial, motion for a new trial was made, based upon the following grounds:

''1. Error of law occurring at the trial, and excepted to by the defendant.

''2. Error of the court in overruling the motion of defendant to set aside the information.

''3. That the court erred in failing to instruct the jury that no inference of guilt should arise against the defendant on account of his failing to testify as a witness in his own behalf.

''4. That said verdict is contrary to law and evidence.

''5. The court erred in refusing to give instructions asked by defendant.

''6. The court erred in giving to the jury instructions over the objections of the defendant.''

We think no error was committed by the court in over-
ruling the motion to set aside the information, as no par-
ticular form of complaint is required before a justice of the
peace sitting as a committing magistrate, and we know of
no law requiring the information to charge the same crime
as that named in the commitment.    We think the informa-
tion in this case sets forth facts sufficient to put the ap-
pellant on his defense for murder.    The statute provides
that if death ensues from certain acts the person guilty
of the commission of such acts shall be guilty of mur-
der in the first degree.    It is a statutory crime, de-
nominated murder; and the fact that the commission of
other acts will also constitute murder does not militate
against the power of the legislature to provide a punish-
ment for this particular crime and to give it any name it
sees fit.    The information, we think, meets the requirements
of the statute, and that the defendant was thereby fully ad-
vised of the crime of which he was charged.

We think, however, there is merit in the third error al-
leged by the appellant, viz., that the court erred in failing
to instruct the jury that no inference of guilt should arise
against the defendant on account of his failing to testify
in his own behalf.    It appears from the record that the
defendant in this case did not testify, and that such in-
struction was omitted by the court.    This question has
been squarely decided by this court in *Linbeck v. State*, 1
Wash. 336 (25 Pac. 452).    In that case this court said:

"The defendant was not sworn as a witness in his own
behalf, and the court failed to instruct the jury as required
by statute that from such fact no inference of guilt should
be drawn.    We think this was error.    The statute in ques-
tion makes it the duty of the court to give such instruc-
tion, irrespective of the action of the defendant in relation
thereto, and while we do not now hold that the right to
have this instruction given may not be waived by some
express act of the defendant to that end, we do hold that

the simple fact that he remained silent did not amount to such waiver."

Respondent makes an attempt to distinguish the case at bar from the case of *Linbeck v. State, supra*, by asserting that in this case counsel for the defendant asked certain specific instructions, but did not ask for the instruction which was omitted by the court. The asking for other instructions certainly could not be held to be a waiver, "by express act," of the right to have the jury instructed on this question in accordance with the provisions of the statute. We are satisfied with what was said in *Linbeck v. State*, and even if the case had not been decided by this court, would decide now on principle that the defendant was entitled to this instruction without affirmative request on his part.

Most of the cases cited by the respondent merely sustain the general proposition that where the law requires the court to instruct the jury upon the law, the failure of the court to do so in the absence of request by defendant is not error. This general proposition, we think, cannot be disputed; but the statute in this case goes beyond that. It attaches so much importance to this particular instruction that it singles it out, and calls it to the especial attention of the court, recognizing the fact that the jury would naturally infer guilt where the defendant did not testify in his own behalf. Whether they should not rightfully infer such guilt is a question which should be addressed to the legislature, and that question has been passed upon by that body.

There are, however, some cases that sustain respondent's contention, and are decided squarely upon the question at issue, but they do not seem to us to be well considered cases, or to be based upon sound reasoning. In *State v. Stevens*, 67 Iowa, 557 (25 N. W. 777), the court says:

"The defendant did not testify in his own behalf. His

counsel now urge that the court erred in not instructing the jury that this fact was not to be considered to his prejudice. Had such instruction been requested .it doubtless would have been given. In the absence of this request we do not think it was the duty of the court to allude to the matter. It cannot be presumed that defendant's case was prejudiced by his silence, in the absence of any allusion thereto by the state, the court, or any person connected with the case."

This is all that is said on the subject by that honorable court. It does not appear whether the statute of Iowa was as mandatory as ours; but if so, then certainly the language of the court, "we do not think it was the duty of the court to allude to the matter," was unwarranted and wrong, for the language of the statute is: "It shall be the duty of the court to instruct the jury that no inference of guilt shall arise against the accused if he fail or refuse to testify as a witness in his own behalf." It does not say it is its duty when its attention is called to it, or when it is requested so to instruct the jury by the defendant; but plainly that it is its duty to so instruct. It seems to us there can be but one interpretation placed upon the plain language of the statute.

In *Grubb v. State*, 117 Ind. 277 (20 N. E. 257), after the argument in the cause had closed, and after the court had instructed the jury, the appellant asked the court to give the jury the following instruction: "The defendant has not testified as a witness, in his own behalf, in this cause. It was competent for him to do so. This fact shall not be considered by you or commented upon by the jury in making your verdict," and the defendant excepted. The supreme court of that state held that, inasmuch as the instruction was not asked before the argument was made and the case was closed, it was not error of the court to refuse such instruction. There is no discussion whatever in this case of the principle involved here.

In *People v. Flynn*, 73 Cal. 511 (15 Pac. 102), the question is disposed of thus:

"It is next contended that sundry errors were committed by the court to the manifest prejudice of the defendant. The defendant did not take the stand as a witness in his own behalf, and the court did not instruct the jury in reference to his failure to do so. It is claimed that 'it was the duty of the court to charge the jury that no presumption of guilt followed from his failure to testify in his own behalf, and that they could not consider his failure to testify in arriving at a verdict.' It does not appear from the bill of exceptions that any such instruction was asked. If counsel for defendant desired such an instruction to be given, they should have asked it at the proper time; and as they failed to do that they cannot now be heard to complain." Citing *People v. Hann*, 44 Cal. 100; *People v. Ah Wee*, 48 Cal. 239.

By reference to the cases cited, and on which the decision was evidently based, it will be found that this question was not in any way involved. There the court neglected to instruct the jury upon the subject of justifiable homicide where there was no special provision for such instruction. And so with all the cases sustaining courts where this specific instruction has not been given; they have based their decisions upon the decisions of other courts sustaining the general proposition, which is not disputed, that where the law requires the courts generally to instruct upon the legal questions involved that it is not error for the court to neglect to so instruct where the instruction is not asked for by the defendant. Such cases, it can plainly be seen, are no basis whatever for decisions on questions of the kind at bar where the law has attached so much importance to this particular instruction, and has called it especially to the attention of the court and given it specially into its charge.

It is insisted by the respondent that this was a mere oversight on the part of the court, and that it should be construed like any other principle of law applicable to

criminal law, such as the presumption of innocence, reasonable doubt, and the admissibility of evidence, etc.; but, as we have before said, the prominence which the law gives to this particular instruction removes it from the column which embraces the other general propositions. This court has no right to conclude that this omission of the court was not largely instrumental in the conviction of this defendant. It would be a very natural thing for the jury to take into consideration the silence of the defendant when he was charged with this crime, and to use it most tellingly against him. The defendant's rights are not to be subjected to the ignorance or carelessness of his attorneys who may not know of his rights in this respect, or may not be watchful of them. On the other hand, if the defendant's counsel is learned in the law, he has a right to presume that the court will do its duty, and comply with the plain provisions of the statute in relation to criminal trials.

It is argued that, if the law is construed as mandatory, it would be a trap set for courts who might forget to give this instruction. It might possibly happen that a court would forget to swear a jury to try a cause, or forget to do many things which would absolutely render void and illegal all subsequent proceedings; but that would be no reason for depriving the defendant of the rights and safeguards which the law has seen fit to clothe him with, and throw around him.

So far as the instructions of the court are concerned, while we are not willing to say that the case should be reversed for the errors therein alleged, the following language of the court, viz.—

"In many instances circumstantial evidence is the best in the world, for while an individual claims to have seen an act committed he may in fact not have seen it committed. It is more improbable that these independent facts mentioned all tending in the same direction be false, because in direct testimony there is opportunity for false-

hood, while in circumstantial evidence from the multitude of circumstances which are produced of the subject of a position taken by the prosecution, there is more improbability of falsehood,"

we think goes very nearly stating the case too strongly in favor of the potency of circumstantial evidence.

It is tenaciously urged by the appellant that the testimony of the state, uncontradicted, is not sufficient to sustain the judgment, but as we are not aware what evidence the state might be able to produce at another trial, we will not now pass upon that question.

For the error above specified the judgment will be reversed, and the cause remanded with instructions to grant a new trial.

Anders and Stiles, JJ., concur.

Scott, J. (dissenting). — I am unable to agree with the majority of the court as to the effect of § 1307 of the Code of Procedure. It seems to me the only effect of this section is to make the instruction in question a part of the law of the case, which it would not be otherwise. Furthermore, it is a general rule that points upon which error is sought to be founded must be raised at the first opportunity. It appears in this case, not only that there was no request upon the part of the defendant for such an instruction, but that he took no exception to the failure of the court to give it.

The rule aforesaid is strengthened here by our statute, § 400 of the Code of Procedure, relating to new trials, the eighth subdivision of which provides that a new trial may be granted for error in law occurring at the trial, and excepted to at the time by the party making the application. See, also, Laws 1893, p. 113, § 7.

If the failure to give this instruction was error, it was an error in law occurring at the trial, and in order to have

availed himself of it, the defendant should have excepted thereto at the time. The first time the point was called to the attention of the court was in the motion for a new trial, and there having been no exception taken to the failure of the court to so instruct, there was no foundation for any error thereon in said motion.

It may be a matter of doubt whether such an instruction is of any benefit to the defendant in thus specially calling attention to his failure to testify at the trial. Anyhow, it can only be contended that such instruction was intended for his benefit, and he should have a right to say as to whether the same should be given. If the court is compelled to give it by his remaining silent, it would impose the burden on the defendant of notifying the court not to give such instruction if he did not want it.

While the rights of defendants in criminal actions are jealously guarded, the object of the law is, nevertheless, to secure justice, and technicalities with no legal or meritorious foundations should not be allowed to defeat it. There is reason in the rule requiring questions on which error is claimed to be raised at the first opportunity, and the opportunity was presented here when the charge of the court to the jury was concluded. An exception to the failure to give this request at that time would have given the court an opportunity to recall the jury and instruct them with reference thereto, and thus the expense of a second trial and the delay incident thereto would be avoided and the rights of the defendant fully protected. In other instances, if the court fails to instruct as to any particular branch of the law of the case, it is a well settled rule that error cannot be founded thereon unless the court has been requested to give such instruction; and I can see no good reason why the same should not apply to the instruction in question. Nor do I think that the statute intended to lay down any different rule with regard to this particular matter.

If the case of *Linbeck v. State, supra,* is to be interpreted as holding that it is unnecessary for the defendant to except to the failure of the court to give this instruction, it should be modified as authority. In fact, the better practice would be not to require the court to give the instruction unless a request is made therefor by the defendant. But, in any event, there should be an exception to such failure, in order to lay any foundation for error.

I find no error elsewhere in the record, and am of the opinion that the judgment of the court below should be affirmed.

HOYT, J., concurs.