[No. 12390.   Department One.   March 31, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. J. A. HANES, *Appellant*.[1]

PROSTITUTION — DEFENSES — STATUTE.   Under Rem. & Bal. Code, § 2440, providing that every person who shall place a female in a house of prostitution, with intent that she shall live the life of a prostitute, shall be punished, etc., it is no defense that the female was a prostitute.

SAME—KNOWLEDGE OF DEFENDANT — EVIDENCE — SUFFICIENCY.   A conviction for placing a female in a house of prostitution with intent that she live the life of a prostitute is sustained by proof that defendant was keeper of a livery stable where he had rooms and consorted with the woman, that she plied her trade at will, and there was evidence warranting the jury in finding that he knew she was practicing prostitution for money and gave him part of her earnings, although he denied such knowledge.

PROSTITUTION—"PLACE"—STATUTE — CONSTRUCTION.   Under Rem. & Bal. Code, § 2440, making it a felony to "place" a female in a house of prostitution with intent that she shall live the life of a prostitute, it is proper to refuse an instruction that the word "place" implies a moral or physical restraint or force; the term meaning merely the furnishing of a place or opportunity.

CRIMINAL LAW—TRIAL—FAILURE TO INSTRUCT.   Rem. & Bal. Code, § 2148, making it the duty of the court to instruct that no inference of guilt shall arise against the accused if he fail or refuse to testify as a witness in his own behalf, is mandatory, and failure to do so is reversible error.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered April 6, 1914, upon a trial and conviction of placing a female in a house of prostitution.   Reversed.

*R. M. Dye*, for appellant.

*James S. Freece* and *C. A. Pettijohn*, for respondent.

CHADWICK, J.—Appellant was charged with the crime of placing a female in a house of prostitution, with intent that such female should live a life of prostitution.   Rem. & Bal.

[1]Reported in 147 Pac. 193.

Code, § 2440 (P. C. 135 § 375). He was convicted, and brings his case here, alleging a number of errors.

It is first contended that, whereas, the proof shows that the woman was in fact a prostitute, there could be no crime. Whatever may be the rule elsewhere, we think our statute is sufficiently broad in terms to include a case of this kind. It is said:

"Every person who shall place a female . . . in a house of prostitution, with intent that she shall live a life of prostitution, etc., shall be punished etc."

Statutes are not uncommon which provide that a person shall be guilty of a crime if he places a female in a public resort for the purpose of leading her into a life of prostitution. It is upon such statutes and authority and cases following them that appellant rests his contention. Under our statute it is no defense to show that the woman was of unchaste character.

It is further contended that the proof is not sufficient to show that the place mentioned is a place of prostitution. Appellant was the keeper of a livery stable, where he had a room or rooms. It is not denied that the woman consorted with him and was at least a loiterer about his place. He insists that he had no knowledge of any other acts of prostitution committed by her, although it seems to be established by competent evidence that she plied her trade at will. We think there is testimony sufficient to sustain the findings of the jury that appellant did in fact know that the woman was practicing prostitution for money and that she gave appellant a part of her earnings. It was for the jury to say whether appellant's contention that the money was given him in payment of a debt was a truthful statement, considering all of the other facts and circumstances in the case, including his knowledge of her character.

Appellant requested the following instruction:

"The word 'place,' as used in the information in this case, means 'to fix, to locate, to settle,' and before you can find

the defendant guilty as charged in the information, you must find from the evidence beyond a reasonable doubt, that the defendant J. A. Hanes, by some affirmative action or conduct on his part, amounting to at least moral restraint, caused Annie Sockenticken to enter his place of residence or livery barn with the intent that the said Annie Sockenticken should live thereafter a life of prostitution. And in this connection you are instructed that a common prostitute is a woman who offers her body to indiscriminate intercourse with men."

Appellant contends that the word "place" has a meaning more extended than a mere invitation to remain at a place; that it implies a restraint, either physical or moral. The law has no such restricted meaning. The object of the statute is to suppress the practice of prostitution, and to place a female in a house of prostitution means the furnishing of a place and opportunity. The subdivision of the statute under which appellant is charged does not imply the element of force, either physical or moral.

It will be noticed that the statute, after defining the crime of which appellant is charged, continues: "or who shall compel any female to reside with him or with any other person for immoral purposes, or for the purposes of prostitution, or shall compel any such female to reside in a house of prostitution or to live a life of prostitution;" subdivision 1, Rem. & Bal. Code, § 2440. The statute is in the disjunctive. A person may be guilty of a crime if committed in any of the ways covered by the statute. Other errors are assigned. They do not go to the merits and are not likely to recur on a new trial.

Although the record is otherwise clear of error, the case must be reversed and remanded for a new trial. The court did not instruct the jury, as directed by the statute, Rem. & Bal. Code, § 2148 (P. C. 135 § 1145), wherein it is made the duty of the court to instruct that no inference of guilt shall arise against the accused if he fail or refuse to testify as a witness in his own behalf. It was held in *Linbeck v.*

*State,* 1 Wash. 336, 25 Pac. 452, and *State v. Myers,* 8
Wash. 177, 35 Pac. 580, that this statute is mandatory and
that it is the duty of the trial judge to so instruct the jury;
that a failure to do so is reversible error.  An engaging
and persuasive argument is made by the prosecuting at-
torney in which we are asked to overrule our former hold-
ings.  If the matter were an original question, we would be
inclined to consider some of the reasons urged in support of
his argument.  The cases cited followed the letter of the
statute, which says, "It shall be the duty."  They have been
followed in the following cases:  *State v. Crotts,* 22 Wash.
245, 60 Pac. 403; *State v. Douette,* 31 Wash. 6, 71 Pac.
556; *State v. Bennett,* 71 Wash. 673, 129 Pac. 409.

The *Myers* case was decided in 1894.  Eleven sessions of
the legislature have convened since that time.  If the statute
was not intended by the legislature to bear the construction
which the court put upon it, there has been ample oppor-
tunity to correct it.  The legislature has not done so.  We
must presume, therefore, that the construction given the
statute by the court has the sanction of the law-making
body.

For the reason assigned, we reaffirm that holding and or-
der the case remanded for a new trial.

MORRIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., con-
cur.