[No. 18730.   Department Two.   January 16, 1925.]

## THE CITY OF SPOKANE, *Respondent,* v. S. N. ROBERTS, *Appellant.*[1]

CRIMINAL LAW (241)—TRIAL—CONDUCT OF COUNSEL—COMMENT ON FAILURE OF ACCUSED TO TESTIFY.   Under Rem. Comp. Stat., § 2148, providing that an accused person shall not be compelled to testify, and making it the duty of the court to instruct that no inference of guilt shall arise from the failure of the accused to do so, it is reversible error, where the prosecuting attorney comments on the accused's failure to testify, for the court to refuse to instruct the jury to disregard it and to state that the prosecutor was within his rights.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered October 15, 1921, upon a trial and conviction of the unlawful possession of intoxicating liquor.   Reversed.

*W. C. Donovan,* for appellant.

*Arthur L. Hooper* and *J. M. Geraghty,* for respondent.

HOLCOMB, J.—Appellant was tried and convicted of a misdemeanor in the superior court, the prosecution being based both upon a city ordinance of Spokane and upon the state law for the violation of the liquor laws, it being charged that he, on a certain day, wilfully and unlawfully had in his possession intoxicating liquor other than alcohol.   By stipulation between counsel, both charges were tried together before one jury, the state being represented by a deputy prosecuting attorney for Spokane county, and the city being represented by an assistant corporation counsel.   The jury found the defendant guilty of the violation of the city law only.

[1]Reported in 232 Pac. 316.

There was ample evidence of a very convincing nature to convict appellant, and there is no merit in the contention that the evidence was insufficient. In fact, there is only one assignment of error that merits attention and discussion.

After the instructions of the court had been given to the jury, while the argument by the deputy prosecuting attorney was being made, he stated:

"The American spirit is to abide by what you say when you have got your hand raised, and I think you will agree with us when we say that if there was anything else, if all these police officers had been deprived of the sense of smell, we have got enough evidence in here to prove that this defendant, Roberts, is guilty beyond any question of a doubt, not to say anything about a reasonable doubt. There is no testimony here coming from the defendant to show that he is not guilty; none whatever—"

At this point the attorney was interrupted by the attorney for appellant, as follows:

"If the court please, we object to the remark of counsel and ask that the jury be instructed to disregard it. Mr. Alley (Deputy Prosecuting Attorney): I am not commenting— The Court: Counsel is within his rights, I think. Mr. Alley: Absolutely. Mr. Donovan: Exception. The Court: Exception allowed."

Appellant relies upon the statute, § 2148, Rem. Comp. Stat. [P. C. § 9214], and our decisions under the same, to show that what occurred was reversible error.

The statute cited is as follows:

". . . Provided, that nothing in this code shall be construed to compel such accused person to offer himself or herself as a witness in such case: And provided further, that it shall be the duty of the court to instruct the jury that no inference of guilt shall arise against the accused if the accused shall fail or refuse to testify as a witness in his or her own behalf."

Since the early case of *State v. Smokalem,* 37 Wash. 91, 79 Pac. 603, we have consistently held that a prosecuting attorney had no right to comment upon the failure of the defendant to testify in a criminal case. In that case we said that he had no right to comment on matters which the jury, under the law and the instructions of the court, may not consider; that it would be idle for the court to instruct the jury to draw no inference against the defendant by reason of his failure to testify in his own behalf, after permitting the prosecuting attorney to comment upon and discuss such failure; that the state law which imposes upon the court the duty to instruct the jury that no inference arises against the defendant by reason of his failure to testify, by implication forbids the prosecuting attorney, as an officer of the court, from commenting upon such failure.

In *State v. Johnson,* 103 Wash. 59, 173 Pac. 723, we said that the prosecuting attorney had no right to comment upon the failure of a defendant to testify, but that appellant had not moved to instruct the jury to disregard the statement of the prosecutor. Had he done so, our decision would have been different.

In *State v. Raub,* 103 Wash. 214, 173 Pac. 1094, we condemned a statement by the prosecuting attorney that the defendant had not testified, and commenting upon the fact of his failure to testify. In that case the court, interrupting the argument, advised the jury that such comment was improper, and instructed the jury to disregard it. The deputy prosecuting attorney then making the argument, stated that he did not intend to comment on the defendant's failure to testify. We held that, while the conduct of counsel was not to be commended, the fault was covered, and the error, if any, was cured.

In the very recent case of *State v. McCormick,* 127 Wash. 288, 220 Pac. 808, portions of the closing argu-

ment of the prosecuting attorney were quoted, but it was shown in that case that the defendant himself was on the stand and testified. It was stated in the opinion that, ''It is the constitutional right of the appellant to refuse to testify and unlawful for the prosecuting attorney to comment upon his failure so to do.'' See, also, 16 C. J., p. 902, § 2249; *People v. Morris*, 3 Cal. App. 1, 84 Pac. 463; *Sturgis v. State*, 2 Okl. Cr. 362, 102 Pac. 57.

Respondent asks us to consider the fact that the evidence in this case shows beyond any reasonable doubt the guilt of the defendant, and that no other verdict should have been reached by the jury; and therefore our rule should be relaxed, as has been done in other states; citing *State v. Monahan*, 96 Conn. 289, 114 Atl. 102; *State v. Ahern*, 54 Minn. 195, 55 N. W. 959; *Dunn v. State,* 118 Wis. 82, 94 N. W. 646, and other cases.

Attention is also called to the fact that the trial judge in his instructions to the jury instructed them that:

''You must, under your oaths as jurors, try these cases solely and entirely upon the evidence introduced therein and the law as given you by the court. You are instructed to disregard all statements of counsel on either side unless the same are supported by the testimony, and you are not to draw any inferences or conclusions from questions propounded by the counsel and ruled out, etc.''

And in *Dunn v. State, supra,* the court said:

''In the case at bar the trial judge, when his attention was called to the remarks should have promptly condemned them. But with some hesitation, we are constrained to hold that such error, in view of the charge of the court which followed, should not work a reversal in this case.''

In the instant case, the improper remarks of the deputy prosecuting attorney followed the instructions

given by the court, to the effect that the jury should not regard anything but the evidence and should not draw any inferences from the statements of counsel, instead of preceding the same, and when the remark was made by the deputy prosecuting attorney, the court apparently approved the same by saying that counsel was within his rights. Counsel emphasized it by stating "absolutely."

There can be no doubt that, under the rule we have consistently followed, as shown by the foregoing decisions from this court, the remarks of the deputy prosecuting attorney were improper and constituted prejudicial error. No matter what the charge, an accused person should not have his constitutional or statutory rights violated, over his objection and without his consent or waiver.

It is not for us to say how far the verdict of the jury was influenced by that comment. The jury might have disbelieved some of the evidence adduced on the part of the state, and may fairly be considered to have been induced to render the verdict of guilty by the very fact that appellant himself did not testify, and that fact was pressed upon their attention by the prosecutor.

For the error pointed out, the judgment is reversed and the cause remanded for a new trial.

Main, Mackintosh, Fullerton, and Mitchell, JJ., concur.