[No. 21167. Department Two. December 31, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
PAVELICH *et al.*, *Appellants.*[1]

*Edward M. Connelly* and *Joseph A. Albi*, for appellants.

*Chas. W. Greenough* and *Frank Funkhouser*, for respondent.

[1]Reported in 273 Pac. 182.

Holcomb, J.—Appellants were prosecuted and convicted of the crime of being jointists. Motions in arrest of judgment and for a new trial were denied, and they were each sentenced to indeterminate terms of imprisonment in the state penitentiary.

At the proper time during the trial of the case, appellant Pavelich, through his counsel, requested an instruction (No. 6) as follows:

"You are instructed that you are to draw no inference of guilt against the defendant John Pavelich because he has not testified as a witness in his own behalf. As heretofore stated in these instructions, he is presumed innocent of any crime and this presumption remains with him throughout the trial, until and unless the state proves his guilt to the jury's satisfaction beyond a reasonable doubt. He is free to testify or not, as witness in his own behalf, but no presumption or inference of guilt from his refusal or failure to testify is to be indulged by you."

During the trial, in arguing the case to the jury, the deputy prosecuting attorney trying the case made the following statements and argument:

"Now, we have Pavelich connected up, and we have got Wagner that testified that he had been seeing this man lock this place up around midnight. Pavelich locked this place up. One of the witnesses says he locked it up when he let the man out, when he brought out the suit cases—cooperating and conducting with gallon jugs in the basement—undisputed—fill up the empty bottles themselves and wash them up, bring them in in jugs, bring them in in loads, bring them in in suit cases. Pavelich did this, Pavelich brings that out of the basement, Pavelich turned that over to some one else and let him out the door with it. Now, that is undisputed. Pavelich locks the place up. Pavelich says he has not worked—three days he worked, three days in either January or February, and has not done a tap of work since except be around the Montana bar or Standard bar, 230 North Washington street. That

is all Pavelich has done—and driven a Lincoln automobile. Do you? I would like to see the hands of this man that cannot work and drives a Lincoln automobile. Now, those are Pavelich's own statements, undisputed and uncontradicted. He told that to the officers. He told it in my presence, and it is not denied, —undisputed. He goes down there in the morning—"

At this point, counsel for appellant objected to the statements being made by counsel, and asked the court to advise the attorney for the state to make no such comment as to what Pavelich did or did not deny in the case. The trial judge asked if the objection was based on Rem. Comp. Stat., § 2148, to the effect that no inference of guilt should be arrived at from the fact that the defendant did not testify. Counsel replied that it was. Thereupon the deputy prosecuting attorney announced that he would withdraw the statement. Counsel for appellant asserted that that would not cure it, and then further moved to strike it from the record, and that the jury be instructed to disregard it and the prosecutor instructed not to make the statement again.

The court denied the motion and request of counsel for appellant upon the ground that § 1, Rule IX of the rules of pleading, procedure and practice adopted by this court on January 14, 1927 (140 Wash. p. xxxv; Rem. 1927 Sup., § 308-9), abrogated that part of § 2148, *supra,* reading as follows:

"And provided further, that it shall be the duty of the court to instruct the jury that no inference of guilt shall arise against the accused if the accused shall fail or refuse to testify as a witness in his or her own behalf,"

and therefore counsel for the state had the right to comment on the failure of the defendant to testify.

Some further remarks were made by the deputy prosecuting attorney, in his closing argument, refer-

ring to undisputed testimony of the state, which we do consider prejudicial or material.

Upon appeal, appellant Pavelich assigns as errors the refusal to give the requested instruction above quoted, the permission by the court to the prosecutor to comment on his failure to testify against the objection of appellant; and both appellants assign as error the denial of their motion to instruct the jury to bring in a verdict of not guilty, or to dismiss the prosecution against them.

Having examined the record, we are convinced that there was evidence sufficient to go to the jury as to both appellants; and as to appellant Chatovich there was no error in the submission of the case to the jury. As to him, there being sufficient evidence to warrant a verdict of guilty and no error in the trial, the judgment is affirmed.

Upon the other two assignments of error on behalf of appellant Pavelich, much learned and elaborate argument is presented against the power of this court to abrogate the statute, § 2148, *supra*, or any other substantive law, or to make any other rules, under our constitution, than this court has inherent power to make for the administration of its own business.

The questions so presented are foreclosed by our decision in *State ex rel. Foster-Wyman Lumber Co. v. Superior Court,* 148 Wash. 1, 267 Pac. 770. While we are urgently requested so to do, we do not consider that to examine the question further would be useful.

The new, interesting and important question is, however, raised in this case as to whether the trial court erred in refusing requested instruction No. 6 of appellant Pavelich notwithstanding a portion of the statute, § 2148, *supra,* heretofore referred to has been abrogated by subdivision 1, Rule IX, of this court.

Article I, § 9, of the constitution provides:

"No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense."

Section 2148, among other things, originally provided that the defendant:

". . . may, in the examination or trial of the cause, offer himself, or herself, as a witness in his or her own behalf, and shall be allowed to testify as other witnesses in such case, and when accused shall so testify, he or she shall be subject to all the rules of law relating to cross-examination of other witnesses: *Provided,* That nothing in this code shall be construed to compel such accused person to offer himself or herself as a witness in such case: *And provided further,* That it shall be the duty of the court to instruct the jury that no inference of guilt shall arise against the accused if the accused shall fail or refuse to testify as a witness in his or her own behalf."

The constitutional provision above quoted would, of course, be self-executing, without any legislative restatement. The statute which remained in force after the adoption of the constitution was of course but a legislative protection to the accused in criminal cases, already afforded by the constitution. The statute went further, however, and in a purely procedural way provided for the court to instruct the jury that no inference of guilt should arise against the accused if he fail to testify in his own behalf.

At an early time, under the statute, as it existed before the constitution was adopted, this court held that where the defendant in a prosecution was not sworn as a witness in his own behalf, it was error for the court not to instruct the jury that from such fact no inference of guilt should be drawn against the defendant, and that the fact that the defendant remained silent

did not amount to a waiver of such right. *Linbeck v. State,* 1 Wash. 336, 25 Pac. 452.

The court there held that it was the duty of the court to give such instruction, because of the last proviso of the statute in question, unless waived by some express act of the defendant.

In *State v. Myers,* 8 Wash. 177, 35 Pac. 580, the rule of the *Linbeck* case, *supra,* was emphatically reaffirmed, the court having re-examined the question and stating that regardless of the precedent of the *Linbeck* case, it would then decide on principle that the defendant in such case was entitled to such instruction without affirmative request on his part.

The court refused to follow precedents from other states to the contrary, largely because of our statute making it, as the court said, the imperative duty of the trial court thereunder to give such instruction, regardless of request. Among other things, in passing upon the question in the *Myers* case, we said:

"It is insisted by the respondent that this was a mere oversight on the part of the court, and that it should be construed like any other principle of law applicable to criminal law, such as the presumption of innocence, reasonable doubt, and the admissibility of evidence, etc.; but, as we have before said, the prominence which the law gives to this particular instruction removes it from the column which embraces the other general propositions. This court has no right to conclude that this omission of the court was not largely instrumental in the conviction of this defendant. It would be a very natural thing for the jury to take into consideration the silence of the defendant when he was charged with this crime, and to use it most tellingly against him."

In an early decision, in California, written by a judge of considerable fame and great ability (Lorenzo Sawyer), *People v. Tyler,* 36 Cal. 522, where there

were statutory and constitutional provisions of the state, providing for competency of persons accused of crime to testify in their own behalf, but that nothing should be construed as compelling such persons to testify, appellant did not testify in his own behalf, and during the argument of the case, the attorney for the prosecution directed the attention of the jury to that fact and argued that the silence of the defendant was a circumstance strongly indicative of his guilt.

Objection was made to that kind of argument, and the court was requested to require the prosecution to refrain from urging such inference, but the court declined to interfere, and indicated that the law justified counsel in the course pursued.

Counsel continued to urge before the jury that the silence of the defendant was a circumstance tending strongly to prove his guilt, to all of which the prisoner excepted. Before the case went to the jury, counsel for the prisoner asked the court to give the jury this instruction:

"The jury should not draw any inference to the prejudice of the defendant from the fact that he did not offer himself as a witness in his own behalf. It is optional with a defendant to do so or not, and the law does not intend that the jury should put any construction upon his silence unfavorable to him."

This request was refused. Upon appeal it was held that, if the defendant in a criminal case does not avail himself of his right given by the statute to testify in his own behalf, the district attorney should not be allowed, in addressing the jury, to comment on his failure to testify as an evidence of guilt.

It was also held that the defendant in a criminal case was entitled to rest in silence and security, upon his plea of not guilty, and that no inference of guilt could

properly be drawn against him from his failure to testify in his own behalf. There was no statute in that state making it the mandatory duty of the court to so instruct the jury in a criminal case, but the supreme court held that such instruction was proper in all cases where the defendant desired it.

In a comparatively recent case decided by a district court of appeals in California, *People v. Waugh,* 30 Cal. App. 402, 158 Pac. 336, in a prosecution for robbery, there was evidence of the possession by the defendant, shortly thereafter, of a part of the property stolen from the victim of the robbery, which possession was unexplained by or on behalf of the defendant.

It was contended in that case that the district attorney was guilty of misconduct, in his argument, in referring to the fact that defendant had not testified in his own behalf, based upon a statement made by the district attorney that defendant's possession of the stolen jewelry shortly after the robbery was unexplained by any sworn testimony.

In passing upon the case, the appellate court, among other things, said:

"It is fundamental that, since a defendant may not be compelled to be a witness against himself (section 1323, Pen. Code), a prosecuting officer may not comment adversely upon his failure to take the witness stand in his own behalf. We agree with the trial judge, however, that in making the statement attributed to him the district attorney did not infringe upon the rights so guaranteed defendant. Surely, if no explanation was offered on behalf of defendant as to his possession of the stolen goods, it would be competent for counsel representing the people to refer to the want of such explanation, since such possession unexplained was a material circumstance affecting his guilt or innocence. The action of the district attorney in commenting upon the failure of the defense to account for defendant's possession of the stolen prop-

erty was not indicative of a purpose on the part of such official to use against defendant the fact that he did not take the stand in his own behalf.''

It will be noted that the case was a prosecution for a robbery, where the recent possession of the stolen property or a part thereof, if unexplained, is a circumstance strongly indicating connection with the robbery charged. We are not prepared to say at this time whether we concur with the opinion of the appellate court, or not, in such case, but the principle was recognized as fundamental that, in general, since a defendant may not be compelled to be a witness against himself, the prosecuting officer may not comment adversely upon such failure to take the witness stand in his own behalf.

In the case at bar appellant requested an instruction, such as, before the adoption of the rules of the supreme court pursuant to ch. 118, Laws of 1925, Ex-Ses., p. 187; Rem. 1927 Sup., § 13-1, was imperatively required to be given by the court to the jury in a criminal case, where the accused did not take the witness stand in his own behalf. The trial court, basing its ruling upon our rule heretofore referred to, refused the instruction and permitted the prosecuting officer to comment upon the lack of contradictory evidence to refute that of the officers, for the prosecution.

Under the protective provision of our constitution heretofore quoted, to secure to the accused the full benefit of his privilege, silence must not be construed against him. The granting to him of the privilege of testifying at his option would be like making evidence against him, if it were thereafter held that failure to exercise the privilege granted, justified an inference of guilt.

In *People v. Tyler, supra,* Judge Sawyer in passing upon the question said:

"In this mode [if comment were allowed] he would indirectly and practically be *deprived of the option which the law gives him,* and of the benefit of the provision of the law and the constitution, which say, in substance, that he shall not be compelled to criminate himself. . . . that to permit such an inference would be to violate the principles and the spirit of the constitution, and the statute, and defeat, rather than promote the object designed to be accomplished by the innovation [allowing accused to testify] in question."

██ In the case at bar, some of the remarks of the deputy prosecuting attorney heretofore quoted, while closely bordering thereon, did not actually and directly allude to the failure of appellant to take the witness stand and testify in his own behalf, as was done, against objection, in the *Tyler* case, *supra.* Had such been the case, we feel that we should disapprove it when the error is properly saved.

Otherwise, within reasonable bounds, in arguing the case to the jury, the prosecutor has the right to comment upon all the evidence or lack of it, provided he does not go too far, and invade the constitutional rights of the accused, where the accused chooses not to testify, by directly referring thereto.

While it is no longer the mandatory duty of a trial court to give such instruction as was formerly required by § 2148, *supra,* under the new rules of court, it is the duty of the court to give such instruction, when properly requested by the accused on trial in a criminal case, and it is the duty of the trial court to prevent the attorneys for the prosecution, in arguing to the jury, from directly commenting upon the failure of the accused to take the witness stand in his own behalf, because of our constitutional protection against self incrimination and statutory provisions that no inference of guilt shall be derived from such failure on the part of a defendant to testify in his own behalf.

For the reasons herein stated, the judgment is reversed and remanded for a new trial.

FULLERTON, C. J., MAIN, and BEALS, JJ., concur.