[No. 28596. Department Two. April 24, 1942.]

THE CITY OF SEATTLE, *Respondent*, v. EDWARD J. HAWLEY, *Appellant*.[1]

[1]Reported in 124 P. (2d) 961.

358

*Will G. Beardslee* and *George F. Ward,* for appellant.

*A. C. Van Soelen, George T. McGillivray,* and *Charles L. Conley,* for respondent.

BLAKE, J.—Having been charged with, and convicted of, violations of the Seattle traffic ordinance, defendant appealed to the superior court, where he was found guilty by a jury of negligent and of "hit and run" driving. He appeals from the judgment and sentence entered on the verdict.

Only one question is raised upon the appeal: Whether, during the trial, appellant's rights under Art. I, § 9, of the state constitution were violated. That section provides: "No person shall be compelled in any criminal case to give evidence against himself, . . ."

This court has repeatedly held that any comment or reference to the failure of a defendant to testify in his own behalf constitutes a violation of his constitutional rights under this provision. *State v. Smokalem,* 37 Wash. 91, 79 Pac. 603; *Spokane v. Roberts,* 132 Wash. 568, 232 Pac. 316; *State v. Pavelich,* 150 Wash. 411, 273 Pac. 182; *State v. Paschall,* 182 Wash. 304, 47 P. (2d) 15. Indeed, under Rem. Rev. Stat., § 2148 [P. C. § 9214], it was mandatory that the jury be instructed that no inference of guilt should be drawn from a defendant's failure to take the witness stand. *State v. Hanes,* 84 Wash. 601, 147 Pac. 193. And, notwithstanding the abrogation of

that provision by supreme court Rule of Practice XII (Rem. Rev. Stat. (Sup.), § 308-12 [P. C. § 8676-15]), it is still necessary to give such an instruction on request. *State v. Pavelich, supra; State v. Comer,* 176 Wash. 257, 28 P. (2d) 1027.

■ Now, in the light of the scrupulous regard which the law has for this constitutional right accorded to persons accused of crime, let us examine the occurrence of which appellant complains. During recess, at the close of the city's case, a conference was had in the court's chambers, at which one of the attorneys for appellant told the court and opposing counsel that he was in "doubt whether or not the defendant would take the witness stand as a witness." When court reconvened, with the jury present, the following colloquy between the court and counsel took place:

"THE COURT: You may proceed now with your opening statement. MR. BEARDSLEE: The defendant chooses to make his own opening statement. THE COURT: *Does the defendant expect to be sworn and take the witness stand?* MR. BEARDSLEE: I don't think so. The defendant has chosen to make his opening statement. MR. McGILLIVRAY: *I will object to that unless he be sworn.* MR. BEARDSLEE: You don't swear on an opening statement. The defendant has certain rights and I object to any discussion. THE COURT: Do you expect to put any witnesses on? MR. BEARDSLEE: Yes, Your Honor. THE COURT: Then I think it would be proper for the court to instruct the defendant in making his opening statement that he is limited to making a statement to the jury of what the testimony of the witnesses that he will call will show. MR. BEARDSLEE: We will have at least three witnesses, possibly four, if another one appears.

"THE COURT: In other words, *if the defendant does not take the witness stand,* he will not be permitted to tell to the jury anything that any of his witnesses will not testify to; in other words, he can't tell his story of what happened that night unless some other witness

is called and tells the same thing on the stand which he says. MR. BEARDSLEE: Yes, Your Honor please, I don't know whether the defendant will take the witness stand or not and I don't know until after those witnesses have testified. It may be essential for him to, and on the other hand it may not be. I know I am going to try to conclude this afternoon if the jury is going—THE COURT: The defendant has the right to make an opening statement to the jury, but that statement will be confined to what your witnesses will testify to. MR. BEARDSLEE: I don't think the defendant will testify to it, unless he takes the witness stand. THE COURT: *Not unless Mr. Hawley is going to take the witness stand. Otherwise he will be telling the jury his side of the case, but not under oath.*

"MR. BEARDSLEE: At this time the defendant moves for a mistrial because of what has transpired. THE COURT: Motion denied. MR. BEARDSLEE: Exception. THE COURT: He may proceed with the opening statement. MR. BEARDSLEE: I think Your Honor can instruct them thereafter, if there is no evidence as given in the opening statement, then I think the Court would be at liberty to instruct them to disregard the statement insofar as it is not testified to. When I start the trial of a lawsuit I never know until the last witness is on who I am going to call or what I am going to do. THE COURT: *But in a criminal case the defendant is not required to take the witness stand.* Even the City, the plaintiff, cannot call him as a witness, if he chooses not to be a witness. If the defendant in a criminal action makes an opening statement to the jury, relating what he claims what he and his other witnesses can testify to, *and then does not take the witness stand, then of course he cannot be cross examined on his own statements by the attorney for the City.* MR. BEARDSLEE: I except to the Court's remarks in the presence of the jury and again move for a mistrial. THE COURT: Motion denied. MR. BEARDSLEE: Exception." (Italics ours.)

It seems to us that the remarks of the court and of counsel for the city were patently violative of appellant's constitutional rights—more so, indeed, than in

those cases where we have held the right to have been violated by a prosecutor's reference, in his argument to the jury, to the failure of the defendant to take the witness stand. That appellant was permitted to, and did, make an opening statement to the jury is beside the question. Whether, being represented, as he was, by counsel, he had a *right* to make an opening statement in his own behalf, it is unnecessary to decide. Assuming that he did have such right, the court, as pointed out by counsel for appellant, had the situation in complete control without demanding to be informed whether or not the appellant would take the witness stand. The court could, and did in this instance, instruct the jury "that any statement made by the defendant in his address to the jury which is not supported by sworn testimony and evidence will be disregarded by the jury."

The only case that has been called to our attention which presents a situation at all similar to that presented here, is *Shelton v. State,* 49 Okla. Crim. 430, 295 Pac. 240. In that case, counsel for the defendant asked one of his own witnesses whether he (the witness) knew defendant's reputation for truth and veracity. The court remarked: "I don't think that would be competent . . . unless the defendant had taken the witness stand, however, if you are going to put him on I will let you proceed." This was held to be an erroneous comment upon defendant's failure to testify.

The judgment is reversed, and the case remanded for new trial.

BEALS, SIMPSON, and JEFFERS, JJ., concur.

ROBINSON, C. J. (dissenting)—I am not in accord with the foregoing opinion. I fear, although the question is specifically reserved in the opinion, that the

next step will be to hold that a defendant in a criminal case may make his own opening statement, even when represented as this defendant was by skilled and able counsel, and that such procedure will become standard practice in criminal trials along with the already well-established practice of trying the prosecuting attorney, the county sheriff, the chief of police, the captain of detectives, and in some cases even the state liquor board, instead of the official defendant or defendants.

I am wholly unable to see how the defendant was deprived of any constitutional right by the fact that the trial court stated in the presence of the jury that he had the constitutional right not to take the witness stand. With the exception of the Oklahoma decision, which is not at all persuasive, I do not think that any of the decisions cited in the majority opinion are in point. They are cases where the defendant may have been actually prejudiced. I cannot see that the defendant was prejudiced in this case, and, if he was to some minute degree, it was more than overcome by the fact that he was permitted, after the state's case was in, to arise and make his opening statement. In so doing, he took full advantage of the privilege to vehemently deny practically everything the state's witnesses had said, without, of course, being subject to any sort of cross-examination. In spite of the immense advantage which was thus afforded him, the jury convicted him, and, with all due respect to the majority, I think the conviction should stand.