[No. 33002.    Department One.    July 7, 1955.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN E. GUIZZETTI, *Appellant*.[1]

[1]Reported in 285 P. (2d) 874.

*Stephen J. O'Brien* and *A. M. Ursich*, for appellant.

*John J. O'Connell, Leonard A. Sawyer, Frederick R. Hokanson,* and *John A. Petrich,* for respondent.

DONWORTH, J.—Appellant was convicted of the crime of negligent homicide by means of a motor vehicle in violation of RCW 46.56.040.

From the judgment and sentence entered upon the verdict, he has appealed, and makes the following two assignments of error:

"I. Misconduct in argument by plaintiff's counsel in commenting on defendant's failure to take the stand.

"II. Misconduct in argument of plaintiff's counsel in commenting on testimony of witness Thomas Guizzetti."

It is not necessary to discuss the evidence in this opinion except in so far as it has a bearing upon either of these alleged errors.

Regarding the first assignment, there was evidence that appellant was operating his car on a two-lane paved highway when he passed another car traveling in the same direction. In so doing, his car went partially off the pavement and struck and killed a pedestrian who was walking either just off the pavement or on the edge of it.

During the deputy prosecutor's argument to the jury, the following occurred:

"MR. SAWYER: What does the Defendant show as to what actually happened? Well, he was going about 30 miles an hour. He also was going at the speed limit—his wife and his little boy testified to that fact.

"After he saw this man [the deceased] only 15 or 20 feet ahead of him—*for some reason there was no testimony that he saw him*—but there was testimony that he was seen by two occupants of that car 15 or 20 feet ahead.

"The little boy testified —

"MR. O'BRIEN: I except to remarks of Counsel as to what the Defendant said. No inference is to be drawn from the fact that he didn't take the stand. I ask for a mistrial. THE COURT: The motion will be denied. MR. O'BRIEN: Note an exception. THE COURT: An exception is allowed. You will disregard any remarks of Counsel on either side which are

not borne out or supported by the evidence. Any reference by either Counsel concerning the Defendant, of course, you will disregard entirely. The Court has already instructed you that there is no inference at all to be derived by you from the Defendant's not testifying." (Italics ours.)

Appellant did not take the stand, and his counsel argue that the statement of the deputy prosecutor was a comment on his failure to testify, citing *State v. Paschall*, 182 Wash. 304, 47 P. (2d) 15, in which we said:

"The deputy prosecutor, on the hearing of the motion for new trial, stated to the trial court that it was his intention to go as far as he could under the holding in the *Litzenberger* case. But he went farther, as is shown by the record. We can see no difference in pointing at the appellant, under such circumstances, and in mentioning his name. The gesture may be as eloquent as the spoken word—and as effective. It was as direct and positive a reference to appellant's failure to testify as if his name had been spoken. We cannot uphold the deputy prosecutor's conduct without going a step beyond the doctrine announced in the *Litzenberger* case. This, under the authorities, we are not warranted in doing. See: *State v. Pavelich, supra* [150 Wash. 411, 273 Pac. 182]; *Morrison v. United States*, 6 Fed. (2d) 809; *People v. Donahoe*, 279 Ill. 411, 117 N. E. 105; *Miller v. Commonwealth*, 182 Ky. 438, 206 S. W. 630."

In the present case, there is nothing in the record to indicate that the deputy prosecutor was pointing to appellant when he said: "for some reason there was no testimony that he [appellant] saw him [deceased]." While it is true that appellant was the only person who could give direct testimony that he saw the deceased prior to the accident, it would have been entirely possible for other persons riding in the car to testify as to appellant's reactions which would indirectly show that he saw the deceased before his car struck him.

■ Even if we entertained the view that appellant alone could have testified as to his seeing the deceased, we think that the trial court did not err in denying appellant's motion for a mistrial. The language used by the deputy prosecutor in this case is less direct than that complained

of in *State v. Litzenberger*, 140 Wash. 308, 248 Pac. 799, in which we said:

"Second; misconduct of counsel, in that the deputy prosecuting attorney, in his opening argument to the jury, and the prosecutor himself in the closing argument, iterated and reiterated the statement that certain testimony on behalf of the state was undenied. It is apparently conceded that no one except appellant could have denied the particular facts alluded to, and he not having offered himself as a witness, it is contended that this amounted to a comment on his failure to testify. But we think to follow appellant would be to carry the rule too far. Surely the prosecutor may comment upon the fact that certain testimony is undenied, without reference to who may or may not be in a position to deny it; and, if that results in an inference unfavorable to the accused, he must accept the burden, because the choice to testify or not was wholly his."

Here the trial court, on its own motion, instructed the jury to disregard any remarks of counsel which were not supported by the evidence and reminded them of its previous instruction that no inference at all was to be drawn by them from appellant's failure to testify.

Under these circumstances, we think that, even assuming *arguendo* that the italicized sentence from the deputy prosecutor's argument to the jury was improper as commenting upon appellant's failure to testify, we cannot say that any prejudice to appellant resulted from the statement. *State v. Raub*, 103 Wash. 214, 173 Pac. 1094, and cases cited therein.

The remaining assignment of error relates to the further argument of the deputy prosecutor to the jury when the following took place:

"MR. PETRICH: We have the testimony of young Tommy. It was certainly unfortunate that Tommy had to be called in here by his father to take the witness stand—Tommy, young and of an impressionable age. But I can't imagine young Tommy could have observed the speedometer, observed Mr. Alrik [the deceased] on the road, stepping out on the road, and observed a car alongside of him, all just like that.

"I don't imagine that young Tommy is schooled to operate

a vehicle, and I can imagine that when the statement was made, taken by Mr. Elich, private investigator, that Mr. Elich was successful in impressing upon Tommy favorable situations and conditions to be put in that particular statement.

"MR. O'BRIEN: I object to that as misconduct of Counsel and improper remarks, if your Honor please. THE COURT: The objection is overruled. An exception is allowed. MR. O'BRIEN: The jury may be instructed to disregard it? THE COURT: Again, the jury is instructed to disregard all statements of Counsel which are not supported by the evidence, bearing in mind that what Counsel says is argument only and not testimony. MR. PETRICH: Remember when Mr. Knoll testified as to suggestions Mr. Elich made in his particular statement. I can imagine the suggestions that must have been made to Tommy Guizzetti. The fact that Tommy Guizzetti is somewhat impressed by suggestions that were given to him I think was significantly borne out when the young lad followed his mother to the stand—MR. O'BRIEN: I object to that, your Honor, that any suggestions were made to Tommy Guizzetti is in the evidence. THE COURT: The objection is overruled. MR. O'BRIEN: I move the jury be instructed to disregard the comment of Counsel. THE COURT: The motion will be denied. MR. O'BRIEN: I ask for a mistrial. THE COURT: The motion is denied."

The deputy prosecutor was referring to the testimony of appellant's twelve-year-old son, who was riding in the car at the time of the accident. He had been interviewed thereafter by a private investigator, who had also interviewed other prospective witnesses.

Appellant's counsel argue that there was no basis for the insinuation that the boy's testimony was perjured and that the jury must have inferred that appellant had caused his son to commit perjury on his behalf. It is claimed that the latter intimation was highly prejudicial to appellant.

We have read the entire record and cannot say that the deputy prosecutor's comment on the boy's testimony was beyond the bounds of legitimate argument. There was testimony in the case on which the inference which the state attempted to draw could be based.

There was no suggestion by the deputy prosecutor that *appellant* caused his son to commit perjury, as his counsel

claim in their brief. The only reasonable inference appears to us to be that the boy was influenced with regard to his testimony by a private investigator. We have not overlooked the reference made to the boy's being called as a witness by his *father*, but obviously the jury could only have understood that appellant's counsel called him as a witness. They were in charge of the case. Even though appellant doubtless knew before the trial that they intended to call his son as a witness, there was nothing in the deputy prosecutor's argument to the jury which can reasonably be interpreted as an accusation of subornation of perjury.

We cannot find that any prejudice to appellant resulted from this occurrence. *State v. Van Luven,* 24 Wn. (2d) 241, 163 P. (2d) 600, and cases cited.

Finding no merit in either of appellant's assignments of error, the judgment and sentence of the trial court is affirmed.

HAMLEY, C. J., SCHWELLENBACH, FINLEY, and OTT, JJ., concur.